UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

898 5TH AVENUE SOUTH CORP.,

        Plaintiff,

vs.                      Case No. 2:06-cv-372-FtM-99SPC

M A R O L A X   H A N D E L S - U N D
VERWALTUNGSGESELLCHAFT MBH,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #12), filed on August 24, 2006. Defendant filed a Response (Doc. #13) on September 6, 2006. Plaintiff seeks to remand the case to the Twentieth Judicial Circuit Court, in and for Collier County, Florida, arguing that the removal was untimely.

The relevant facts are undisputed: Defendant was properly served with the Complaint on or about July 5, 2006, and the Notice of Removal (Doc. #1) was filed with the District Court on July 25, 2006. Plaintiff argues that defendant had notice on or about June 2005 and that the removal period was not tolled by the special appearances or motions to quash service of process filed in state court. It is clear, however, that service of process was difficult due to defendant's location in Germany, and that service in compliance with the Hague Convention did not occur until well after June 2005. (See Doc. #1-3, pp. 3-8; Agreed Order Granting Defendant's Motion to Quash, Doc. #1-3, p. 21.)

After carefully reviewing the motion and response thereto, the Court finds that the motion to remand must be denied pursuant to the United States Supreme Court's decision in <u>Murphy Brothers</u> which clarified defendant's procedural rights, as follows:

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant . . . . Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.

<u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Remand (Doc. #12) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of October, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record