```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

898 5TH AVENUE SOUTH CORP.,

                Plaintiff,

vs.                          Case No. 2:06-cv-372-FtM-99SPC

M A R O L A X    H A N D E L S - U N D VERWALTUNGSGESELLCHAFT MBH,

                Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #3) filed on July 25, 2006. Plaintiff's Response (Doc. #22) was filed on November 10, 2006. Upon a *sua sponte* review of the Complaint (Doc. #2), the Court finds that it has no subject-matter jurisdiction to entertain Plaintiff's Complaint requesting a declaratory judgment.

**I.**

Hans Schache (Hans) was married to Susanne Schache (Susanne) in 1988. They owned the Gatehouse Corporation (Gatehouse) as tenants by the entireties. (Doc. #2-2, ¶13.) Gatehouse owned a building at 898 Fifth Avenue, South Naples, Florida (the property). The building has a restaurant as well as apartments. Hans operated and ran Gatehouse on his own. (Id. at ¶15.)

On April 16, 2002, Hans, as President of Gatehouse, executed a promissory note (Note) and a mortgage on the property. The Note

contained a forum selection clause specifying that it will be governed by Florida law. (Doc. #2-2, p. 4.) The Note and the mortgage were executed simultaneously and in favor of Hans in his individual capacity.

On January 30, 2004, during divorce proceedings before the Twentieth Judicial Circuit in and for Collier County, Judge Ellis, declared that "this mortgage is null and void." (Doc. #2-2, ¶21.) Judge Ellis also awarded Susanne "full ownership of the Gatehouse Corporation and all shares of the stock for Gatehouse Corporation." (Id. at p. 17.) Gatehouse was then renamed 898 5th Avenue South Corporation by Susanne. (Doc. #12, ¶3.)

On February 20, 2004, Marolax executed and recorded a Notice and Affidavit of Collateral Assignment of Note and Mortgage. (Doc. #2-2, p. 29.) The February 20th Notice and Affidavit referenced two agreements executed between Hans and Marolax. Those agreements, dated December 12, 2002 (Doc. #3-2, p. 4) and January 2, 2003 (Doc. #3-2, p. 9), state in the event of a dispute arising out of the contracts, that those disputes will be brought before the District Court in Munich, Germany. (Id.) Defendant states that the purpose of the contracts was to secure financing for a real estate project in Germany. (Doc. #3, ¶6.) On May 13, 2004, Hans executed an Assignment of Promissory Note and Mortgage in favor of Marolax. (Doc. #2-2, p. 35.) The Assignment had an effective date of March 1, 2004. Marolax recorded these documents, and therefore is impeding Plaintiff's attempt to convey clear title

to the property. (Doc. #2, ¶9.) Plaintiff seeks "a declaration of its rights as the owner of the Gatehouse Property unencumbered by the note and Mortgage allegedly owned by Defendant." (Doc. #2, ¶11.)

## II.

Defendant's only basis for the Motion to Dismiss (Doc. #3) is improper venue. The Court finds that Judge Ellis' decision on January 30, 2004, finding the mortgage to be "null and void," had the effect of mooting the venue provisions of any documents relating to the property, including the contracts executed on December 12 and 13, 2002, and January 18, 2003. Therefore, the Motion to Dismiss will be denied.

## III.

The Court finds that Plaintiff is asking this Court to review a state court decision. Essentially, Plaintiff is asking this Court to review Judge Ellis' decision that the property is unencumbered by any liens and ultimately agree with the ruling. The Rooker-Feldman doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). In essence, the Rooker-Feldman doctrine prevents any federal court other than the United States Supreme Court from reviewing the final judgments of state courts. The doctrine extends not only to

constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise his or her federal claims in the state proceedings. Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)(*en banc*); Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003)(internal citations omitted). A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong. Goodman, 259 F.3d at 1332.

Based on the Rooker-Feldman doctrine, this Court has no authority to circumvent the jurisdiction of the state courts. See Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)("The district court in this case lacked jurisdiction . . . that in essence sought to reverse a state court's child custody determination."); Liedel v. Juvenile Ct. of Madison County, Ala., 891 F.2d 1542 (11th Cir. 1990). Therefore, the Court finds that it lacks subject-matter jurisdiction to address the remedy sought in the Complaint.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Dismiss (Doc. #3) is **DENIED** and Plaintiff's Complaint (Doc. #2) is **REMANDED**[1] for lack of subject-matter jurisdiction.

2.   The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of February, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1] The Court notes that on October 18, 2006, this Court denied Plaintiff's motion to remand the case. However, that decision was based on the timeliness of removal. (Doc. #19.)