UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

898 5TH AVENUE SOUTH CORP.,

        Plaintiff,

vs.                        Case No. 2:06-cv-372-FtM-99SPC

M A R O L A X   H A N D E L S - U N D
VERWALTUNGSGESELLCHAFT MBH,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration (Doc. #26), filed on February 21, 2007. Plaintiff filed a Response in Opposition (Doc. #28) on February 27, 2007. Defendant seeks reconsideration of the Court's February 13, 2007, Opinion and Order (Doc. #25) remanding the Complaint for lack of subject-matter jurisdiction to the Collier County Circuit Court. Plaintiff argues that the Court relied on an "incorrect understanding of a factual issue."

Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193, 202 (1950)); Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986); American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F.

Supp. 1072, 1072-73 (M.D. Fla. 1993)).  The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment).  <u>Region 8 Forest Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993).  In either situation, relief granted from such motion is within "the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."  <u>Id.</u>

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  <u>Painewebber Income Props. Three Ltd. P'ship  v. Mobil Oil Corp.</u>, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)(citing <u>Government Personnel Servs., Inc. v. Government Personnel Life Ins. Co.</u>, 759 F. Supp. 792, 793 (M.D. Fla. 1991)).  The motion must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  <u>Id.</u> at 1521 (citing <u>Cover v. Wal-Mart Stores, Inc.</u>, 148 F.R.D. 294 (M.D. Fla. 1993)).  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."  <u>Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.</u>, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)(citations omitted).

As defendant's motion was filed within ten days of the entry of judgment, the Court will consider the motion as presented pursuant to Fed. R. Civ. P. 59(e).  Under Rule 59(e), courts have

"delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  The only applicable ground is ground three as the Court finds no intervening change in the law or new evidence presented.

Defendant argues that the Court's reliance on the Assignment of Promissory Note and Mortgage effective March 1, 2004, was misplaced as an assignment occurred on December 12, 2002, prior to the January 30, 2004, decision in the state divorce proceeding thereby removing jurisdiction from the state court as to the validity of the mortgage and note.  In the February 13, 2007, Opinion and Order, the Court clearly stated without reliance on the later effective date and with full acknowledgment of the December 12, 2002 contract:

> The Court finds that Judge Ellis' decision on January 30, 2004, finding the mortgage to be "null and void," had the effect of mooting the venue provisions of any documents relating to the property, including the contracts executed on December 12 and 13, 2002, and January 18, 2003.

(Doc. #25, p. 3 s. II.)  Defendant is actually questioning the jurisdiction of the state court, which is an issue for the state courts.  Additionally, defendant is seeking to litigate the validity of its assignment, which is clearly related to the declaratory action by plaintiff in state court, where the case was

remanded.  The Court finds defendant has failed to raise any valid basis for reconsideration, and therefore the Court finds no basis to alter or amend the judgment.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Reconsideration (Doc. #26) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of March, 2007.

                                                                 _____
                                                                 JOHN E. STEELE
                                                                 United States District Judge

Copies:
Counsel of record